# SUPREME JUDICIAL COURT.

## JANUARY TERM 1864, AT BOSTON.

###### PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK, }Justices.
Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN,

## ESSEX COUNTY.

### LYDIA H. PETTINGILL vs. WARREN PORTER & others.*

The recitals in a recent deed, as to the ownership and boundaries of land adjoining that which is conveyed therein, are not admissible in evidence against one who has subsequently become the owner of the granted premises, and who claims a right of way over the adjoining land, as appurtenant to other land held by him under a prior deed from the same grantor; although both the grantor and grantee are dead.

No exception lies to the refusal of a judge to rule as a matter of law upon a question which involves the determination of facts in dispute.

A way over other land of the grantor in a deed may pass as appurtenant to the land granted, although there are no insuperable physical obstacles to prevent access by another way, if such other way cannot be made without unreasonable labor and expense; and, in determining this question, a jury may consider the comparative value of the land and the probable cost of such a way.

TORT to recover damages for the obstruction of a way, by erecting a fence across it. The action was originally brought

---

\* This case and the following eight cases were argued in January 1863.

by Moses Pettingill, and after his death was prosecuted by the plaintiff as his administratrix.

At the second trial in the superior court, before *Ames*, J., after the decision reported in 3 Allen, 349, the plaintiff claimed the right of way in question as appurtenant to a certain piece of land owned by her intestate in his lifetime, with a dwelling-house thereon; and introduced in evidence a deed thereof from Warren Porter to Moses Welch, dated December 8, 1846, and a subsequent deed thereof from Welch to Moses Porter, and of the administrator of Porter to her intestate. Neither of these deeds contained any express grant of the way; but conveyed the land, with all the privileges and appurtenances thereto belonging.

The defendants, for the purpose of taking advantage of the recitals contained therein as to the boundaries and ownership of the adjoining estate, over which the way was alleged to exist, offered in evidence a deed of Warren Porter to Moses Welch, dated June 14, 1848, conveying a small lot of land, and describing the lot over which the way was alleged to exist as land of the grantor. The land conveyed by this deed was subsequently conveyed to the plaintiff's intestate. This deed was excluded, although it was shown that the grantor and grantee named therein were both dead.

It appeared that the estate conveyed by Warren Porter to Moses Welch, described in the deed put in by the plaintiff, was part of a larger estate, which said Warren Porter took by devise from his late father, Zerubbabel Porter; and it also appeared that, from a period before the commencement of the present century to the time of Warren Porter's last described deed, Warren Porter or his father owned all this larger estate. It also appeared that a small lot, which adjoined or was carved out of this larger one, was conveyed by Zerubbabel Porter in his lifetime, through a third person, to Mary Porter, his wife; that she died intestate in the lifetime of her husband, (who died in 1845,) leaving Warren Porter aforesaid and Elias Endicott Porter as her heirs at law. Adjoining to the smaller and larger estate was a triangular piece of land, claimed by the defendants to fall

partly within the larger and partly within the smaller lot, and to have been originally a part of the highway. The plaintiff's deed included part of it, and the fence complained of was erected upon the boundary line. The record of the court of sessions was produced, by which it appeared that, if this constituted a part of the highway, it was discontinued in 1807. Evidence was introduced, but not of any witness who remembered as far back as the discontinuance of the highway, or farther back than the time when Zerubbabel Porter owned both the large and small lot, of the use of the alleged way over this triangular piece of land. It appeared that the triangular piece of land had lain open from time out of mind, and no evidence as to the ownership was offered, except what appeared from the title to the adjoining lots and the discontinuance of the highway ; but the ownership was in dispute, and it was also in dispute whether the same was ever a part of the highway, and discontinued as aforesaid.

The defendants requested the court to rule that there was no evidence of the existence of any right of way by prescription up to the time of Warren Porter's conveyance to Moses Welch, less than twenty years before the date of the plaintiff's writ ; but the judge refused so to rule.

The judge ruled that no right of way over what was Warren Porter's land when he made the conveyance to Moses Welch would pass by that deed, unless it appeared that the grantee could not obtain access to his place by another route, without unreasonable labor and expense. It appeared that the estate conveyed had a large front upon the highway ; that there were no insuperable physical obstacles, such as ledges, swamps, or the like ; that the soil was light and easily worked ; that the road and adjoining estate, especially in front of the plaintiff's house, were about upon a level ; and there was no evidence to show that any greater difficulty would be found in constructing the road suggested than over any field through which it might be necessary to construct a carriage road, or at any rate nothing more than a single culvert to allow the passage of surface water after heavy rains. Upon this state of facts, the defendants requested

the court to rule, as matter of law, that there was no evidence to be considered by the jury of the necessity of unreasonable labor and expense in constructing a new road. The judge refused so to rule, but ruled that the deed under which the plaintiff claimed conveyed whatever was necessary to the beneficial enjoyment of the estate granted, and in the power of the grantor to convey; that it was not enough for the plaintiff to prove that the way claimed would be convenient and beneficial, but she must also prove that no other way could be conveniently made from the highway to her intestate's house, without unreasonable labor and expense; that unreasonable labor and expense means excessive and disproportionate to the value of the property purchased; and that it was a question for the jury, on all the evidence, whether such new way could be made without such unreasonable labor and expense.

Under this ruling, the plaintiff introduced evidence as to the amount of labor and expense necessary for the construction of such new way; and both parties introduced experts, who computed the probable cost of constructing a new road. The plaintiff argued, by comparison with the consideration money named in the deed, that the cost of a new road would be out of proportion to the cost of the land. No evidence was offered of the value of the land. The defendants' counsel requested the court to instruct the jury that such a comparison would be irregular, and that it did not appear that the consideration money paid was not less than it would have been if the necessity for building the new road had not existed. The judge ruled that the jury might take into consideration the probable cost of a new road, compared with the value of the land, but did not instruct them as requested, as to inferences from the consideration named in the deed.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*S. H. Phillips,* (*J. C. Perkins* with him,) for the defendants. The deed which was offered should have been admitted in evidence, because the plaintiff's intestate was privy in estate to the grantor, and was therefore bound by its recitals; *Fitch* v.

*Baldwin*, 17 Johns. 161; *Jackson* v. *Ayres*, 14 Johns. 224; *Carver* v. *Jackson*, 4 Pet. 88; because the acceptance of it was an act against the interest of Moses Welch, who is deceased; 1 Stark. Ev. 62; and because it was a solemn and public declaration amounting to a claim of title by Warren Porter. *Somes* v. *Skinner*, 3 Pick. 60. *Bates* v. *Norcross*, 14 Pick. 224. 1 Stark. Ev. 64. There was no evidence of adverse use of the way prior to 1845. The possession, if not the title, was united during the life of Zerubbabel Porter. The defendants were entitled to an express ruling that there was no evidence for the jury of the necessity of unreasonable labor and expense in constructing a new way. *Collins* v. *Pierce*, 7 Gray, 18. *Chase* v. *Breed*, 5 Gray, 445. *Thayer* v. *Payne*, 2 Cush. 332. *Johnson* v. *Jordan*, 2 Met. 234. *Nichols* v. *Luce*, 24 Pick. 102. *Grant* v. *Chase*, 17 Mass. 443. *Gayetty* v. *Bethune*, 14 Mass. 49. *Tracy* v. *Atherton*, 1 Amer. Law Reg. (N. S.) 742, and cases cited. *Proctor* v. *Hodgson*, 10 Exch. 826. There was no evidence of the value of the land; and the presumption is that the consideration had been reduced on account of the necessity for a new way.

*W. C. Endicott*, for the plaintiff.

CHAPMAN, J. 1. The plaintiff claims title in her intestate, to the land to which the alleged way is claimed as appurtenant, under a deed of Warren Porter to Moses Welch. The defendants offered in evidence a subsequent deed from Warren Porter to Moses Welch, conveying an adjoining tract of land. The plaintiff does not claim that the alleged way was appurtenant to the land conveyed in this deed, and the defendant offered it for the purpose of taking advantage of the recitals therein as to the boundaries and ownership of the adjoining estate, over which the alleged way passed. This evidence was properly excluded, because, although both the parties were dead, it was a recent transaction; and because, if it tended to show that Warren Porter claimed title to the adjoining estate in 1848, it cannot be inferred therefrom that he claimed such title in 1846, when he made the other deed to Welch.

2. The defendants requested the court to instruct the jury that there was no evidence of the existence of any right of way

by prescription, up to the time when Warren Porter conveyed to Moses Welch in 1846. It sufficiently appeared that the way had been used; but the request was based upon the alleged ground that Warren Porter owned the triangular piece over which the way passed. But questions of fact were in dispute as to the actual position and boundaries of the lots, and the question appears to have been properly left to the jury.

3. The defendants object to the qualified ruling of the court, that no right of way over what was Warren Porter's land would pass by the deed relied on by the plaintiff, unless it appeared that the grantee could not obtain access to his house by another route, without unreasonable labor and expense. This instruction was based on the assumption of the defendants that Warren Porter owned the triangular piece when he made his first deed to Welch. It appears that the only way which he had been accustomed to pass over to reach the highway had been across this triangular piece; and the question which arose between the parties was, whether, as he did not convey the triangular piece, or expressly convey a right of way over it, such right passed under the grant of " all the privileges and appurtenances thereto belonging."

The instruction on this subject was, " that the deed under which the plaintiff claimed conveyed whatever was necessary to the beneficial enjoyment of the estate granted, and in the power of the grantor to convey; that it was not enough for the plaintiff to prove that the way claimed would be convenient and beneficial, but she must also prove that no other way could be conveniently made from the highway to her intestate's house, without unreasonable labor and expense; that unreasonable labor and expense means excessive and disproportionate to the value of the property purchased; and that it was a question for the jury, on all the evidence, whether such new way could be made without such unreasonable labor and expense."

The court are of opinion that this instruction was correct. The word " necessary" cannot reasonably be held to be limited to absolute physical necessity. If it were so, the way in question would not pass with the land, if another way could be

made by any amount of labor and expense, or by any possi-
bility. If, for example, the property conveyed were worth but
one thousand dollars, it would follow from this construction that
the plaintiff's intestate would not have the right of way over
the triangular piece as appurtenant to the land, provided he
could have made another way at an expense of one hundred
thousand dollars. If the word "necessary" is to have a more
liberal and reasonable interpretation than this, the one adopted
by the judge must be regarded as correct. Its effect was, to
require proof that the way over this triangular piece was rea-
sonably necessary to the enjoyment of the dwelling-house
granted. See *Ewart* v. *Cochrane*, 7 Jur. (N. S.) 925; *Leonard*
v. *Leonard*, 2 Allen, 543; *Carbrey* v. *Willis*, 7 Allen, 364.

4. As the facts were properly submitted to the jury, and evi-
dence was admissible as to the consideration paid for the land
and the cost of making a way, it was proper that the jury
should compare the facts together and make such inferences as
they should think reasonable. The instruction on this point
was correct.                                   *Exceptions overruled.*