14241

TOWN OF ESTILL v. CLARKE

(184 S. E., 89)

Mr. George Warren, for appellant,

*Mr. Randolph Murdaugh,* for respondent,

February 27, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was instituted in the Court of Common Pleas for Hampton County on August 28, 1933, by the Town of Estill, a municipal corporation, for the purpose of requiring C. M. Clarke, respondent, to remove a building alleged to have been erected by respondent on Railroad avenue in said town and to enjoin respondent from maintaining same. Respondent was ordered to show cause before the resident Judge of the Fourteenth judicial circuit why the relief prayed for by the complaint should not be granted, but, upon motion of respondent's counsel, the issue involved was ordered tried by a jury. The case came on for trial at the February, 1934, term of Court before his Honor, C. J. Ramage, and a jury. A verdict was rendered for C. M. Clarke, respondent. Motion for a new trial was made, and his Honor, C. J. Ramage, filed his order on March 16, 1934, refusing same, and thereafter appellant, in due time, took the proper course to perfect its appeal to this Court.

Omitting the formal portions of the complaint, appellant alleges that at the time of its incorporation and since then there has been established in the Town of Estill, along the Seaboard Air Line Railway, an open street between the

building line to the east of said railway and the edge of the right of way one hundred feet in width; that this space has been generally and continually used by the traveling public for all public purposes, for parking purposes, and has been dedicated to the use of the public and the town, and is owned by the Town of Estill; that, without right or authority and in violation of law, respondent had erected on a public street and park in said town at the junction of Third street and Railroad avenue at a point east of the right of way of the railroad, a building fifteen feet wide and thirty-nine feet long; that said building mars the beauty of the open way, street, and park and obstructs the traveling public.

Respondent, by his answer, admits that he has constructed a building in the Town of Estill, but denies that the land upon which it is constructed is owned by the Town of Estill or that it has ever been used by the general public as a park or a place of travel. Further answering the complaint, respondent alleges that he is in possession of the strip of land involved by virtue of a lease; that the defendant's lessor and his predecessors in title have been in possession of the strip of land involved under color of title and claiming to be seized and possessed thereof in fee simple for more than forty years next preceding the commencement of this action, and that respondent is now in possession thereof.

Appellant has filed twelve exceptions to the judgment of the trial Court, and they will be considered severally, except when it is convenient to group them.

By its first, second, third, and fourth exceptions, appellant raises the following question: Was there sufficient evidence to show a dedication to the public of the realty involved for use as a street?

A thorough analysis of the evidence, which consists of a number of exhibits submitted by both appellant and respondent and parol testimony of former intendants, councilmen, officers, and citizens of appellant, very obviously discloses that appellant has failed to establish by a preponder-

ance of the testimony that the strip of land involved was ever dedicated to the use of the public. Appellant's evidence establishes nothing more than that at times people have parked their automobiles and hitched their mules on this strip of land, and the present intendant of appellant, without reservation, admits that he thought it was private property. On the other hand, respondent's evidence shows that the land was for a long time a thick growth of woods, and even after it was deforested it was not used by the general public as a regularly traveled route; that at one time almost upon the spot where respondent erected his building an enormous tank had been buried for the purpose of storing oil; that posts had been erected in order to prevent the public from using this land and to these very posts the people had hitched their·mules and horses. It was further shown that a large pair of wagon scales had been placed upon this strip of land by some private enterprise located in Estill, and that refuse, consisting of scrapped automobiles and other waste material, had been placed thereon.

Now, in order to establish title by dedication in cases where there had been no express gift of the land involved, it is incumbent on the party asserting that a dedication exists to show that the conduct of the owner, relied on to establish it, clearly, convincingly, and unequivocally indicates, expressly or by plain indication, a purpose or intention to create a right in the public to use the land adversely to him and as of right.

In the case of *Seaboard Air Line R. Co. v. Town of Fairfax,* 80 S. C., 414, 61 S. E., 950, 956, Mr. Chief Justice Pope, speaking for this Court, quoting with approbation from 13 Cyc. at page 476, said: "Dedications being an exceptional and a peculiar mode of passing title to interest in land, the proof must usually be strict, cogent, and convincing, and the acts proved must not be consistent with any construction other than that of a dedication."

Again, in the case of *Grady et al. v. City of Greenville et al.,* 129 S. C., 89, 123 S. E., 494, 495, 497, we find: "It

is of the essence of a dedication that the owner has consented, permanently, to abandon the land and, whatever the nature of the acts relied on to create a dedication, the intention to dedicate must be clearly and unequivocally manifested. 18 C. J., 43, § 16; Id., 52, § 33."

Measured by the canons of the law as declared and applied by this Court, we are satisfied that the evidence adduced by appellant fails to establish a dedication; therefore appellant's Exceptions 1, 2, 3 and 4 cannot be sustained.

Exception 5 imputes error to the trial Judge for having refused to charge the jury, based on the holding of the North Carolina Supreme Court in the case of *Collins v. Asheville Land Co.,* 128 N. C., 563, 39 S. E., 21, 83 Am. St. Rep., 720, the following request: "Where an improvement company laid off lands into numbered city lots and streets, making a plat thereof, and sold lots marked and numbered on the plat, with reference thereto in the deeds, such acts constitute an irrevocable dedication of the streets."

We have made a careful examination of the record, and are satisfied that the trial Judge did not err in refusing the above charge. It is a correct statement of the law, but would have tended to be misleading. There is in the record a plat of the Town of Estill of date, June 1, 1914, showing blocks numbered 16, 17, 18 and 19, and lots numbered in said blocks as called for in a description of lots conveyed by South Bound Land & Improvement Company to W. E. Peeples and C. A. Harper, but this deed is dated and recorded approximately ten years prior to the plat in evidence.

Exceptions 6, 7 and 8 complain of error in that the charge of the trial Judge was indefinite and uncertain, and that no positive definite issue was submitted to the jury; therefore they may be considered together.

The presiding Judge charged the jury in effect that the Town of Estill came into Court and alleged that respondent had constructed a building on one of its streets; that the

respondent denied that he had erected a structure on appellant's property, but alleged that it was built on lands of others. The jury was fully instructed with reference to the law of dedication, and then the presiding Judge concluded his charge as follows: "You will say we find for the plaintiff or we find for the defendant."

We are satisfied that the Court made a clear and thorough charge of the law applicable to the issues raised by the pleadings. However, if appellant's counsel thought that the charge was too indefinite and uncertain, it was his duty to request a fuller and more specific charge.

In the case of *Nichols v. Congaree Fertilizer Co.*, 151 S. C., 417, 149 S. E., 162, 163, Mr. Justice Stabler, now Chief Justice, writing the opinion of the Court, said: "These exceptions are without merit. The Court made a general and comprehensive charge of the law applicable to the issues made by the pleadings and the evidence; and what he said with respect to contributory negligence and assumption of risk could not possibly have misled or confused the jury. In fact, the charge on these questions was unusually clear. If counsel for the defendant thought it was too general, he should have requested more specific instructions. *Easler v. Southern Railway Co.*, 59 S. C., 311, 37 S. E., 938; *Providence Machine Co. v. Browning*, 70 S. C., 148, 49 S. E., 325; *Case v. Atlanta & C. A. L. Railway Co.*, 107 S. C., 216, 92 S. E., 472; *Mrs. Hall's Cafeteria v. Phoenix Insurance Co.*, 128 S. C., 209, 122 S. E., 580."

Again in *Moore v. Southern R. Co.*, 163 S. C., 342, 161 S. E., 525, 528, Mr. Acting Associate Justice C. T. Graydon, speaking for the Court, said: "The rule of this Court is that, if a party to a suit desires any part of the charge more fully explained, it is the duty of that party to call the same to the attention of the Circuit Judge."

In the case of *Wyatt v. Cely*, 86 S. C., 539, 68 S. E., 657, 659, opinion by Mr. Justice Hydrick, it is stated: "Appellant complains of the form of the issue submitted to the

jury, contending that it is impossible to tell from the finding on what ground the easement was established. It does not appear that appellant made any objection to the form in which the issue was submitted, or requested its submission in any other form. Therefore she cannot now complain. *Williams v. Haile Gold Mining Co.*, 85 S. C., 1, 66 S. E., 117, 1057."

Exceptions 6, 7 and 8 are overruled.

By Exception 9, appellant imputes error to the Circuit Judge in that he failed to interpret the lease under and by virtue of the terms of which respondent was in possession of the disputed property.

A brief résumé of what occurred on the trial of the case is essential to the solution of this problem. After the jury had retired for the purpose of considering the case, the bailiff was informed by the foreman of the jury that they desired to ask the presiding Judge a question. The jury was conducted into the Courtroom by the bailiff, and the foreman stated that they had been unable to agree upon a verdict. Apparently there was some disagreement about the lease under which respondent held the disputed area, and, upon suggestion of appellant's counsel, the Court offered to interpret the lease for the jury, but the foreman did not at any time request an interpretation of the instrument, but it seems that the foreman was attempting to state to the trial Court the contention of one of the jurors. However, it is only proper at this point to state that the issues involved in this case are: Was there a dedication of the property to a public use, and, if not, in whom was the seizin vested? The lease could not in any manner affect the title to the reversion, and inasmuch as the jury's verdict establishes that there has never been a dedication of this property to a public use, this reversion is vested in the lessor. The terms of the lease are irrelevant.

Exception 10 imputes error to the Circuit Judge in charging that throughout the entire case the burden of proof was

upon the plaintiff to prove its case by the greater weight of the evidence.

Whether there had been a dedication of this particular area to a public use was the question at issue, and not whether by acceptance and use of a part of this property the Town of Estill had acquired title to the entire area. The Circuit Judge charged the jury that burden of proof was upon appellant to establish a dedication of this property to a public use by the preponderance of the evidence. In this there was no error. Such an instruction is in accord with the former decisions of this Court.

In the case of *Seaboard Air Line R. Co. v. Town of Fairfax, supra,* quoting from 13 Cyc., 476, is the following: " 'The ordinary rules of evidence in general apply to the proof of dedication. * * *' Again, at page 475 of the same volume, it is said: 'The burden of proof to establish a dedication is upon the parties setting it up.' "

Appellant's tenth exception is overruled. Exception 11 complains of error in that the Circuit Judge erroneously rendered a decree for respondents, acting upon the erroneous assumption that the burden of proof was as stated in the consideration of Exception 10.

What has been said of the tenth exception sufficiently disposes of Exception 11; therefore it is overruled.

Exception 12 involves the same issue as presented by the sixth exception, and what has already been said with reference thereto sufficiently disposes of Exception 12, and the same is overruled.

It is the judgment of this Court that the judgment of the Circuit Court be, and the same is hereby, affirmed.

Mr. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

Mr. JUSTICE CARTER disqualified.