0993

Alfred STONE and Johnny H. Nunn, Respondents v. INTERNATIONAL
PAPER COMPANY, Appellant.

(359 S. E. (2d) 83)

Court of Appeals

*William H. Tucker,* Aiken, *for appellant.*

*James L. Verenes,* Aiken, *for respondents.*

Heard May 18, 1987.

Decided July 20, 1987.

GARDNER, Judge:

Alfred Stone and Johnny H. Nunn (the plaintiffs) brought this action against International Paper Company (International) in which they alleged that they and the general public had acquired by prescription a right-of-way to the Edisto River over a road through a wooded area belonging to International; plaintiffs allege that they launched fishing boats into the Edisto River at the end of the road. Plaintiffs sought to enjoin International from interfering with the use of the road. The matter was referred with finality to the Master, whose findings of fact and conclusions of law were that the use of the road by the plaintiffs and the public failed to establish an easement by prescription. On appeal to the Court of Common Pleas, the trial judge reversed by holding that International had impliedly dedicated the road to the public. We reverse and remand.

The sole issue of merit on appeal is whether under the facts of the case, International had impliedly dedicated the road to the public.

We only briefly review the facts. International acquired the subject property in 1952. In June 1985, International leased the property to the Loftis Hunt Club for the limited purpose of hunting. Under the Hunt Club's agreement with International, the club had the right to close the property to the public for safety purposes and other reasons. With In-

ternational's permission, the club built a dirt bank across the road on its property in about September 1985, thereby blocking access.

The plaintiffs presented evidence that the road had been used by members of the public since 1915. One witness, who was 82 years old, testified that he first used the road when he was 6 or 8 years old, when people brought their boats to the river by mule and wagon.

One of the plaintiffs testified that in recent times the road had been used at least "several times a week," and "maybe every day." Although it is not clear from the record, it is inferable that there is not now nor has there ever been a great volume of traffic to the landing.

Another witness, 74 years old, testified that he had used the road all of his life. He testified that he has always "cleared brush from the road when necessary to allow for passage when two vehicles meet." This witness stated that he is also interested in "getting the river to where we can enjoy ourselves fishing in our old age."

International's witnesses testified that International pays taxes on the road and that the road receives no public maintenance and is maintained solely by International. International experiences problems of trash dumping, wild fires and illegal cultivation of marijuana on its open property, according to its witnesses.

There exist other access points to the South Edisto River relatively near this one, including one at the State Park, but the record does not reveal any precise distances.

We concur in the Master's finding of fact that the evidence does not support such adverse, continuous, open, notorious and exclusive use of the road to support an action for an easement by prescription. The sole issue then is whether there has been an implied dedication by International.

A party seeking relief to prove an implied dedication must show that the owner's conduct "clearly, convincingly, and unequivocally indicates, expressly or by plain indication, a purpose or intention to create a right in the public to use the land adversely to him and as of right." *Town of Estill v. Clarke*, 179 S. C. 359, 184 S. E. 89 (1936). The owner's "acts and conduct in regard to the property must be of such character that the public, dealing with him upon the

strength of such conduct, could not but believe that his intention was to vest an easement therein in the public." *Shia v. Pendergrass*, 222 S. C. 342, 72 S. E. (2d) 699 (1952). Proof of dedication must usually be strict, cogent and convincing, and the acts proved must be inconsistent with any construction other than dedication. *Seaboard Airlines Ry. Co. v. Town of Fairfax*, 80 S. C. 414, 61 S. E. 950 (1908).

The case of *Tyler v. Guerry*, 251 S. C. 120, 160 S. E. (2d) 889 (1968), involves somewhat similar facts; there the court ruled dedication of the road had not been proved. In *Tyler v. Guerry*, a limited number of local people has used an old road as access to a river for recreational purposes for more than fifty years. Ten years before the suit a new road was built for the river, and the old road fell into disuse. One of the issues was whether the new road had been dedicated to the public. The Supreme Court ruled that the plaintiff had not met the high standard of proof required to show a dedication, even though the public authorities had supplied labor and equipment to the construction and building of the new road.

The appealed order relied upon the case of *County of Darlington v. Perkins*, 269 S. C. 572, 239 S. E. (2d) 69 (1977). That case involved a one-quarter mile dirt road leading from a paved highway down a hill leading to a landing area, known as Whipple's Landing. Whipple's Landing is a sandy, beach-like area which was used for purposes of launching fishing boats into Louther's Lake; this area had been used also for other recreational purposes, a meeting place for gatherings, etc., for many years.

Darlington County's complaint alleged, *inter alia*, that it had maintained the road and that it had been used constantly by the public. The court held "that the continuous and widespread public usage of the road for at least 50 years, without charge or interference from previous owners and these land owners [the defendants in the case], clearly establishes the public character of the road. This conclusion is fortified by the extent and duration of the maintenance which the county has performed on the road." The court then held that under the circumstances there was an intention to dedicate the road to the public which was implied from the circumstances, acts and conduct of the owners of

the land. The appealed order found that the facts of the case before us were consonant with the facts of *County of Darlington v. Perkins.* We disagree.

There was no public maintenance of the subject road in this suit; public usage of the road was much less than the widespread use of the road involved in the *County of Darlington v. Perkins.* And the burden of proof to establish dedication is upon the plaintiffs. *State v. Beach Co.,* 271 S. C. 425, 248 S. E. (2d) 115 (1978). We hold the plaintiffs failed to meet this burden of proof. We hold that the alleged acts and conducts in this case were not of such a character that the public could legally or rightfully believe that the intention of International was to vest an easement therein in the public. Since proof of dedication must be strict, cogent and convincing and the acts proved must be inconsistent with any theory other than dedication, we hold that the plaintiffs of this case failed to establish facts upon which a dedication could be implied.

For the reasons given and under the authorities quoted, the appealed order is reversed and the case is remanded with instructions that judgment be entered in accordance with this decision.

Reversed and remanded.

SHAW and CURETON, JJ., concur.