WILLIAM O. LITTLEFIELD, In Equity *vs.* ELVIRA HUBBARD ET ALS.

York.    Opinion March 19, 1925.

*No right of way of necessity exists over land which borders on the ocean.  An easement "of necessity" is sometimes recognized even though the dominant estate may be reached by some other way.  A right of way must be one of strict necessity as convenience alone is not sufficient.  Every right of way of necessity is founded on a presumed grant; hence none can be presumed over a stranger's land and none can be thus acquired.  There is no such thing as dedication betweeen an owner of land and individuals.  The public must be a party to every dedication.  A way by public user cannot be established if the use is permissive.*

It is a long established rule that where land borders on the ocean there exists no way of necessity, even over a grantor's land, although  passage by water may not be as convenient as a passage by land, since necessity, and not convenience is the test.

The word "necessity," as applied to a way by necessity, does not mean that there must exist an absolute physical impossibility of otherwise reaching the alleged dominant estate.   When a way exists, but the expense to be incurred in utilizing it is grossly in excess of the total value of the estate itself, an easement of necessity is sometimes recognized.

In the case of a dedication to public use, the intention to dedicate is the essential element.   The burden of proof rests upon him who claims dedication to show by acts or declarations of the owner of the land, or by some other competent testimony, a clear and unequivocal intention to dedicate to public use.

Ways may be established by proof of public user, but mere user, without the essential characteristics of non-permissive character is not sufficient to establish a way by user.

The open, unenclosed character of the land, and the fact of its trifling value, have a tendency to show merely permissive use.

On appeal.   A bill in equity seeking to restrain and perpetually enjoin defendants from trespassing upon a certain strip of land sixteen feet wide and about fifty-four feet in length located at Kennebunk Beach in the town of Kennebunk on Lord's Point, so-called.

It was admitted that plaintiff owned the fee in the land but the defendants claimed an easement or right of way over the strip of land in question either of necessity, or by dedication, or by prescription acquired by the public.   Upon a hearing the sitting Justice found for

the plaintiff sustaining the bill, and ordered an injunction to issue, and defendants entered an appeal. Appeal dismissed with costs. Decree below affirmed.

The opinion fully states the case.

*Willard & Ford*, for plaintiff.

*Emery & Waterhouse*, for defendants.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, BARNES, JJ.

PHILBROOK, J. This controversy arises over disputed rights regarding a strip of land sixteen feet wide and about fifty-four feet long, situated in Kennebunk, at Kennebunk Beach, so-called. In August, 1919, the plaintiff herein brought suit against this defendant, Elvira A. Hubbard, for trespass in entering upon this land and building a concrete walk thereon, over which she, and her customers and patrons, passed in reaching the buildings situated on her land. That case was before us, *Littlefield* v. *Hubbard*, 120 Maine, 226, and it was there held that the plaintiff owned the strip of land in fee simple, and whatever the defendant's right of passage over the way, if any, she had no right to build a concrete walk thereon, or otherwise disturb the soil upon the fee of the plaintiff. Whether or not the defendant had any right of passage over the land was not determined in that case. Since that case was decided the defendant Hubbard, and her tenants, customers and patrons, some of whom are defendants herein, have continued to use this way, on foot and with automobiles. The instant case is a bill in equity asking for an injunction against such use.

The defendants seek to justify their use on three grounds; *first*, because, as to the Hubbard land, this way is a way of necessity; *second*, because it is a way established by dedication; *third*, because the public had gained a right of way by prescription. At Page 228, of Volume 120, reporting the first above case, is to be found a sketch of the premises, which is hereby made part of this opinion and to which we shall refer.

The Justice who heard the case sustained the bill and ordered issuance of the injunction prayed for, from which decree the defendants appealed.

RIGHT OF WAY BECAUSE OF NECESSITY. The land on which Mrs. Hubbard's buildings stand is lot numbered four on the sketch. She derived her title, not from the plaintiff but from the Kennebunkport Sea Shore Company. Her deed describes the land conveyed to her as bounded thus; "Beginning at the southeasterly corner of a lot of land heretofore conveyed by said grantor to C. Sewall Hubbard," (in *Littlefield* v. *Hubbard,* supra, it was decided that this corner is at G) "and on the westerly side of the road leading to Lord's Point, so-called (said point not adjoining said road) thence running south-westerly by said Sewall Hubbard's land, four hundred feet to an eye bolt in a ledge in the cove, so-called, thence easterly in a straight line, about four hundred feet, to a point three feet distant from the west side of the sewer man hole, thence around the man hole, about six feet, to another point, thence northerly, fifty-two feet, to the place of beginning."

By a plan marked Exhibit 9, which the sitting Justice had an opportunity to examine but which is not before us, the Justice found it clearly to appear that lot numbered four is not adjacent nor continuous to the sixteen-foot strip in question. He also found that said lot, at the time Mrs. Hubbard bought it from the Sea Shore Company, was a narrow strip of high land, dropping down with a rocky slope to the sea, and that the westerly boundary of the lot is water. These being questions of fact his findings are conclusive, since no testimony to the contrary appears. He also finds testimony in the case that from the southeasterly corner of Mrs. Hubbard's lot its owner had access to the Lord's Point road without passing over the sixteen-foot strip of land in question. The testimony in the record sustains all these findings.

The defendants, in their argument admit the long established rule, that where land borders on the ocean, a public highway, there exists no way of necessity even over a grantor's land, although such passage by water may not be as convenient as a passage by land, since necessity and not convenience is the test. *Hildreth* v. *Googins,* 91 Maine, 227; *Kingsley* v. *Gouldsborough Land Improvement Company,* 86 Maine, 279.

But, while admitting this rule, they now ask its abrogation or modification in this case because of the great inconvenience, as they claim, attendant upon the use of ocean access to her premises. While all courts agree that there may, under some circumstances, be a

way by necessity, they are not in complete agreement as to just what necessity is required. The word "necessity," as applied to a way by necessity, has been held not to mean that there must exist an absolute physical impossibility of otherwise reaching the alleged dominant estate. When a way exists, but the expense to be incurred in utilizing it is grossly in excess of the total value of the estate itself, an easement of necessity is sometimes recognized. *Smith* v. *Griffin,* (Colorado), 23 Pac., Rep. 905; *Pettingill* v. *Porter,* 90 Mass., 1.

But convenience alone cannot give a right of way. Ann. Cas., 1913, C. Page 1112, note to *Bussmeyer* v. *Jablonsky,* where may be found a collection of cases sustaining this doctrine, from England, Canada, and from thirty-two states in our Union. In many decisions in that long collection, including *Kingsley* v. *Gouldsborough,* supra, the rule is made more restrictive by stating that the way must be one of strict necessity, and that mere convenience is not sufficient— 21 R. C. L., 1214. See also *Whitehouse* v. *Cummings,* 83 Maine, 91, where it is distinctly stated as the rule of law in this State that a way of necessity must be one of strict necessity and not one of mere convenience.

Since the defendant Hubbard, as we have already said, obtained her title from the Sea Shore Company, and not from the plaintiff, it should also be observed that every right of way of necessity is founded on a presumed grant, hence none can be presumed over a stranger's land and none can be thus acquired. *Whitehouse* v. *Cummings,* supra, and many cases there cited.

Under all the circumstances we hold that the defendant cannot claim a right of way by necessity over the sixteen-foot strip.

WAY ESTABLISHED BY DEDICATION. The defendants also urge that by virtue of the ownership by Mrs. Hubbard of lot numbered four they have a right to use the sixteen-foot strip as a way dedicated to public use by the owner of the fee.

Here we depart from private rights, for dedication means an appropriation of land, by its owner, for public uses. *Barteau* v. *West,* 23 Wisconsin, 416. There is no such thing as a dedication between the owner and individuals. The public must be a party to every dedication. *Prescott* v. *Edwards,* 117 California, 298; 59 Am. St. Rep., 186. Our own court, in *Northport Campmeeting Association* v. *Andrews,* 104 Maine, 342, has given the following definition: "Dedication is the intentional appropriation of land, by the owner,·

to some proper public use, reserving to himself no rights therein inconsistent with the full exercise and enjoyment of such use. The intention to dedicate is the essential principle, and whenever that intention on the part of the owner of the soil exists in fact and is clearly manifest, either by his words or acts, the dedication, so far as he is concerned, is made. If accepted and used by the public for the purpose intended it becomes complete, and the owner of the soil is precluded from asserting any ownership therein that is not entirely consistent with the use for which it was dedicated."

The intent to dedicate is the essential element. *Northport Camp-meeting* v. *Andrews,* supra. The burden of proof rests upon him who claims dedication to show by acts or declarations of the owner of the land, or by some other competent testimony, a clear and unequivocal intention to dedicate to public use, *Brown* v. *Dickey,* 106 Maine, 97. Everything depends upon the intention of the party whose dedication is claimed, and upon the character of the permission given and the use allowed; *White* v. *Bradley;* 66 Maine, 254. This intention must be unequivocally and satisfactorily proved; Washburn on Easments, Page 186, 3d Ed.

In the findings of the Justice below he expressed aptly and in harmony with the testimony in the record, the exact situation, in the following words: "The evidence does not indicate an intention to dedicate this sixteen foot strip to the public use. On the other hand it clearly disproves the existence of such an intention on the part of the grantor. The right of way was originally created, according to the record, as a private right of way for the benefit of Benjamin Watson and C. Sewall Hubbard. Its continued existence in the same character is evident by subsequent references in deed to C. Sewall Hubbard of lot No. 3, and in deed of the common grantor to the plaintiff conveying the sixteen foot strip itself. The burden of keeping in repair this right of way and the seawall protecting it was not cast upon the public, but Benjamin Watson and C. Sewall Hubbard were specifically charged therewith. There is no evidence that the municipality ever accepted the way. There is no evidence that the strip was ever plotted by the owner as a street upon any plan. There was not a platting of lots and the street, and a sale of the lots by reference to the plan, as in *Bartlett* v. *Bangor,* 67 Maine, 464. There was no representation of the platting by a plan, nor an exhibi-

tion of the plan to the purchasers, nor the selling of lots by an express reference to the plan as in *Campmeeting Association* v. *Andrews*, 104 Maine, 349."

We find no dedication of this sixteen-foot strip of land to public uses.

RIGHT OF WAY BY PRESCRIPTION GAINED BY THE PUBLIC. Here, again, we deal with public rights as a basis of any right which the defendants may claim.

A highway may be proved by long continued user. *McCann* v. *Bangor*, 58 Maine, 348. A road may be established by user. The rights of the public may be more or less extensive according to the user shown. *Hinks* v. *Hinks*, 46 Maine, 423. Ways may be established by proof of public user. *Willey* v. *Ellsworth*, 64 Maine, 57. But mere use without the essential characteristics of non-permissive character is not sufficient to establish a way by user; and the open, unenclosed character of the land and the fact of its trifling value have a tendency to show merely permissive use. *Mayberry* v. *Standish*, 56 Maine, 350. In that case our court said "The open and unenclosed condition of the land, a sandy, pitchpine, blueberry plain of trifling value, was a matter from which it might be presumed that the use was permissive."

In the case at bar it clearly appears that this tract of land, including the sixteen-foot strip, was unenclosed seashore property, uncultivated, largely barren, more or less used by hunters and others for passage to and from the seashore; that fishermen went to their boats over it; that seaweed from the shore was hauled over it; that the public passed over it at will as occasion demanded. There is no sufficient evidence that such use of the land was adverse to the possession or rights of the owner of the fee. We hold that no way over the sixteen-foot strip has been shown to be established by public user.

The appeal must be dismissed with costs for plaintiff and the decree below be affirmed.

*So ordered.*