## 20501

**F. J. ANDERSON, JR., Respondent, v. TOWN OF HEMINGWAY,
a Municipal Corporation created by and under the laws of the
State of South Carolina, Appellant.**

(237 S. E. (2d) 489)

O'Bryan & O'Bryan, of Kingstree, and *Nexsen, Pruet, Jacobs & Pollard,* of Columbia, *for Appellant,*

*Harrell & Brown,* of Kingstree, *for Respondent,*

August 30, 1977.

NESS, Justice:

This is a declaratory judgment action instituted by respondent F. J. Anderson, Jr., to determine whether or not appellant, Town of Hemingway, possessed an easement across respondent's land. Appellant claims a right-of-way over respondent's property, fifty feet in width, for a street known as Magnolia Street asserting a dedication of the "street" to the public more than fifty years ago. It is conceded that the alleged street has never been opened for travel.

The trial court, without a jury, held that respondent owned his lot free of any right of way. We affirm.

The basic question is whether there was a dedication of Magnolia Street in the sense of an offer by the owner of the lot, and an acceptance thereof by the Town of Hemingway. In this connection, dedication involves not only an offer to dedicate, but an acceptance thereof, either express or implied, by a public authority having power to pass upon the matter.

It is generally accepted that to constitute a valid dedication, there must not only be an intention on the part of the owner to dedicate a property to the public use, but that such intention must be manifested in a positive and unmistakable manner. It need not be made by deed or other writing, but may be effectually and validly made by acts or verbal declarations. It also may be implied from long use by the public of the land claimed to be dedicated. Absent an express gift, one who asserts a dedication must demonstrate conduct on the part of the landowner clearly, convincingly and unequivocally indicating his intention to create a right in the public. *Derby Heights, Inc. v. Gantt Water & Sewer District,* 237 S. C. 144, 116 S. E. (2d) 13 (1960); *Shia v. Pendergrass,* 222 S. C. 342, 72 S. E. (2d) 699 (1952).

Since we know that individual owners of property are not apt to transfer it to the community or subject it to public servitude without compensation, the burden of proof to establish dedication is upon the party claiming it. *Tyler v. Guerry,* 251 S. C. 120, 160 S. E. (2d) 889 (1968); 23 Am. Jur. (2d), Dedication, § 75; *Littlefield v. Hubbard,* 124 Me. 299, 128 A. 285, 38 A. L. R. 1306; *Mac-Corkle v. City of Charleston,* 105 W. Va. 395, 142 S. E. 841, 58 A. L. R. 231.

"Dedications being an exceptional and a peculiar mode of passing title to interest in land, the proof must usually be strict, cogent, and convincing and the acts proved must be inconsistent with any construction other than that of dedication." *Seaboard Air Line Ry. Co. v. Town of Fairfax,* 80 S. C. 414, 430, 61 S. E. 950, 956 (1908).

These general principles of law are not contested. It is the application of them to the facts here existing which leads to this controversy.

A series of maps were introduced by appellant which purported to show the existence of Magnolia Street across respondent's lot. Conversely, respondent introduced a plat and

a map which do not show Magnolia Street crossing respondent's lot. Appellant sought to establish the existence of a public right-of-way by introducing evidence of a sewer line which transverses respondent's land. However, the sewer line does not follow the alleged street but crosses over another portion of respondent's lot.

There was a failure to introduce any evidence demonstrating a dedication, either express or implied, by respondent or a predecessor in title. The burden of proving a dedication is not met simply by introducing maps which show the alleged street. This Court has consistently held: "It is elementary law that an intention to dedicate must be plainly manifest." *Shia v. Pendergrass, supra*, 222 S. C. at 349, 72 S. E. (2d) at 702.

In *Shia*, the City of Florence claimed a dedication of an alleyway by a former owner of the property. This Court reversed the lower court's finding of a dedication where no single act of the prior owner could be pointed to as manifesting an intention to dedicate.

Moreover, in *Shia*, the fact that the property owner had paid taxes to the City of Florence on the claimed alleyway was regarded as some evidence that the owner did not intend to dedicate the property to the public. In this case, respondent introduced Town of Hemingway tax receipts which indicated that he had been paying taxes on the property claimed by appellant. The Williamsburg County Tax Map, introduced into evidence by respondent, shows no street through the property of respondent. Although we agree with the view expressed in *Shia* that such evidence is not controlling, the following rule with reference to payment of taxes is stated in 23 Am. Jur. (2d), Dedication, § 78:

"Evidence of the assessment and payment of taxes on property claimed to have been dedicated to public use is generally admissible on the issue whether there has been a

dedication and acceptance. The fact that taxes or special assessments were levied and collected on the land as private property may be considered in connection with other circumstances as tending to show that there has not been a dedication and acceptance."

The fact that respondent paid taxes on the disputed property may thus be considered as evidence contrary to an intent to dedicate the street to the public.

Even the preponderance of the evidence does not reveal the necessary intent to dedicate the lot to the public use, much less the required strict, cogent, and convincing proof. *Tyler v. Guerry, supra.* Absent the threshold finding of a dedication, it is unnecessary for us to reach the issue of acceptance by the appellant.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.