20539

COUNTY OF DARLINGTON, Petitioner-Respondent, v. Bennie PERKINS, C. M. Parker, Jr., Edward H. Parker, Allard H. Parker, James C. Parker, Jack R. Parker, William R. Parker, Kathryn Parker Hopkins and Bessie Hatchell Parker, Respondents-Appellants.

(239 S. E. (2d) 69)

*Jackson & Bell,* of Florence, *for Respondents-Appellants.*
*Baker & Etheridge,* of Darlington, *for Petitioner-Respondent.*

November 15, 1977.

LITTLEJOHN, Justice.

This action was brought by the County of Darlington (County) against the owners and the lessee of a tract of land (Landowners) to determine the right of the public to use (1) a recreational area known as Whipple's Landing, which is located on the bank of Louther's Lake, and (2) a dirt road which connects a public road with the landing area.

Louther's Lake is a body of water several miles long and approximately 100 to 200 feet wide in varying places, which begins at a point adjacent to the Great Pee Dee River in Darlington County and comes out from the river and then takes a horesshoe-like arc back to the river. It is generally accepted that Louther's Lake is part of the former bed of the Great Pee Dee River which was excluded from the main course, or run, of the river when it changed courses long ago. The land area within the horseshoe-shaped arc that constitutes Louther's Lake is called Witherspoon Island. It is privately owned.

The area known as "Whipple's Landing," which is the subject of this action, is located at a point on Louther's Lake about a quarter of a mile from a paved highway known as the "Old Georgetown Stagecoach Road."

The one-quarter mile dirt road, here in contest, leads off this paved highway and goes down a hill to the landing area and across a causeway to Witherspoon Island. Whipple's Landing is a sandy, beach-like area which has been used and is still used for the purpose of launching fishing boats into Louther's Lake. The area has been used also for other recreational purposes, a meeting place for gatherings, etc., for many years.

The County's complaint alleges that the public has acquired a right-of-way in the road by virtue of an express reservaton in a prior deed. It further alleges that the public has used and enjoyed the area known as Whipple's Landing for a period in excess of 20 years, and has thereby acquired rights in the area by adverse use. Finally, the complaint alleges that the State is the lawful owner of all lands from the edge of Louther's Lake to the ordinary high water mark. The County asks that the Landowners be permanently enjoined from charging a fee or interfering with the public use of the landing area, that the road leading to the lake be declared a public right-of-way, and that the State be declared the owner of the land between the lake's edge and the ordinary high water mark.

The answer of the Landowners alleges that the right-of-way to the road, reserved in the prior deed, inured solely to the benefit of the grantor therein and in no way constituted a dedication to the public. The answer alleges that public use of the road and landing was entirely permissive, and that no rights could be acquired thereby. It is alleged that the land is unenclosed, wild and unimproved, and that the public can acquire no prescriptive rights in such land through public usage. The answer further alleges that Louther's Lake is not navigable, that the State has no rights therein, and that the Landowners own to the middle of the lake. It prays that the public be declared to have no interest in either the road or the landing, and that the Landowners be allowed to make whatever use of it they wish.

The lower court heard the evidence and ruled in favor of the County, holding that the public had acquired the right, by dedication and/or prescription, to use the road as part of the county road system; that the public had acquired rights in the landing area through long public usage; and that the State owned the land bordering the lake up to the ordinary high water mark. The Landowners appeal.

The Landowners first take exception to the trial court's finding that the public had acquired the right to use the road.

In support of this finding, Ernest Anderson testified that he had used the road to get to Whipple's Landing for 75-80 years, and that it had been used as a public road for that period of time. The parties stipulated that 65 people would testify that they have used Whipple's Landing and the road leading to Louther's Lake for all their lives without paying a fee for such use. James L. White, County Manager for Darlington County and former County Road Supervisor, testified that the County, to his knowledge, had maintained the road as part of the county road system since 1951. White further testified that the County worked on the road an average of 8 to 12 times per year, at the request of members of the general public.

The Landowners strenuously argue, base on *Tyler v. Guerry,* 251 S. C. 120, 160 S. E. (2d) 889 (1968), that the land encompassing the roadway is unenclosed and unimproved woodland, and that therefore mere public usage does not create a dedication or right-of-way by prescription. We are of the view, however, that the continuous and widespread public usage of the road for at least 50 years, without charge or interference from previous owners and these Landowners, clearly establishes the public character of the road. This conclusion is fortified by the extent and duration of the maintenance which the County has performed on the road. The testimony of County Manager White reflects that the County installed a drainage system adjacent to the road, ditched the road on numerous occasions, cleaned the ditches and plowed the road from time to time, all at the request of various members of the public, and without any assistance from the Landowners. The Landowners have made no objection to the continued use of the road by the general public, or to the maintenance performed by the County on the road. We conclude that the evidence is sufficient to support a finding that the public has acquired an easement in the road by implied dedication. The intention to dedicate land to the public may be implied from circumstances, or by acts or conduct of the owner from

which a reasonable inference of an intention to dedicate may be drawn.[1] 23 Am. Jur. (2d) *Dedication* § 21. Thus, "where acts of the owner justify the public authorities in believing the intention exists and they act on such belief, a dedication may be found to have occurred . . . ." 23 Am. Jur. (2d), *supra,* § 19. Such an intention may be manifested by the owner's acquiescence in continuous use of the land by the public under the claim of a general public right. 23 Am. Jur. (2d) *supra,* §§ 28-29.

The Landowners also take exception to the lower ■ ■ court's finding that the public had acquired rights in Whipple's Landing through long public usage. The basis of the Landowners' argument is that the landing area is wild, unimproved, unenclosed woodlands, and that prescriptive rights in such land cannot be created by public usage. *Tyler, supra.* It is well settled that the requirements necessary to establish a right by prescription are: (1) the continued and uninterrupted use or enjoyment of the right for a period of 20 years; (2) the identity of the thing enjoyed; and (3) the use must be adverse under claim of right. *Babb v. Harrison,* 220 S. C. 20, 66 S. E. (2d) 457, 458 (1951). Although we have held that mere use of unenclosed and unimproved woodland does not give rise to a right-of-way by prescription, *Tyler, supra,* p. 891, we are of the opinion that our determination that the road has long been established as a public road requires the conclusion that the land encompassing Whipple's Landing is "improved." Therefore, our holding in *Tyler* is not applicable under the facts of this case. Having concluded that Whipple's Landing is improved land, the evidence preponderates to the effect that the public has used the landing area adversely under claim of right for a period in excess of 20 years. The lower court was correct in holding that the public had acquired rights in Whipple's Landing through prescriptive use.

The Landowners next take exception to the lower ■■ court's admitting into evidence the contents of journals and diaries of private persons and old newspaper

---

[1] *Anderson v. Town of Hemingway, S. C.,* 237 S. E. (2d) 489.

clippings to show the history of usage of Whipple's Landing. It is generally held that reputation is admissible to prove matters of general history. *McCormick's Handbook of the Law of Evidence,* (2d) Ed., 1972, p. 749 *See, also, Sexton v. Hollis,* 26 S. C. 231, 1 S. E. 893, 896 (1887), recognizing an exception to the hearsay rule for matters of general and public history.

"[T]he matter must be one of general interest, so that it can accurately be said that there is a high probability that the matter underwent general scrutiny as the community reputation was formed. Thus, when the navigable nature of a certain river was at issue, newspaper accounts and histories describing the use made of it during the nineteenth century were admissible to prove its general reputation for navigability at that time." *McCormick, supra,* p. 750.

We conclude that the lower court did not err in admitting such material into evidence.

Our holding that the public had acquired the right to use the road and landing area without charge or interference from the Landowners makes it unnecessary to determine whether Louther's Lake is a navigable body of water. We therefore do not reach this question. However, we remand this case to the lower court for a determination of the exact boundary of the landing over which the public has acquired rights.

Accordingly, the judgment of the lower court is

Affirmed, and remanded for further proceedings consistent with our holding.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.