1082

William L. BOYD, III, and Standard Parts Co., Inc., Respondents-Appellants v. C. Kenneth HYATT and Ken Hyatt AMC-Jeep, Renault, Inc., Appellants-Respondents.

(364 S. E. (2d) 478)

Court of Appeals

*Randall M. Chastain,* Columbia, *for appellants-respondents.*

*Thomas E. McCutchen* and *Evans Taylor Barnette* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for respondents-appellants.*

Heard Dec. 15, 1987.

Decided Jan. 25, 1988.

CURETON, Judge:

William L. Boyd, III (Boyd) owns and operates Standard Parts Co., Inc. Boyd brought this action against Kenneth Hyatt who owns and operates Ken Hyatt AMC-Jeep, Renault, Inc. for a court determination that he has a right of ingress and egress across a 25 foot wide paved strip of property in front of his store. Boyd sought damages for Hyatt's obstruction of the paved strip and for an order requiring Hyatt to restore the strip to its former condition. Both parties appeal from an order finding Boyd has an easement over the strip, but Hyatt's use of the strip was not unreasonable. We affirm in part, reverse in part and remand.

Boyd operates an automotive parts store on a .293 acre tract of land located on Greystone Boulevard north of the City of Columbia. Greystone Boulevard is a controlled access highway. In conjunction with the sale of the .293 acre tract to Boyd's predecessor in title, the seller-developer paved a strip of land 25 feet wide to be used as a frontage road along the western border of Boyd's property. The present terminus of this paved strip is the southwestern corner of Boyd's property. From that point the frontage road extends north to Broad River Road.[1] Boyd's and the traveling public's use of this paved strip for ingress and egress went uninterrupted from 1972 until 1985. In the summer of 1985, Hyatt purchased the tract located to the south of Boyd's property and constructed his automobile dealership. Hyatt placed a large sign on the paved strip and displayed cars on the strip. He also dug up a portion of the strip. These actions effectively precluded Boyd and the public from using the strip for ingress and egress to Boyd's business.

This matter was heard non-jury. The trial judge concluded the 25 foot strip is a limited access road and a dedicated public right of way. He determined Boyd had an appurtenant easement by necessity over and across the road and Hyatt acquired his property subject to the rights of Boyd and the public to use the strip for ingress and egress. He ordered Hyatt to remove all obstructions within the roadway, except his sign. He refused to order Hyatt to restore the pavement to its former condition or award damages to Boyd for Hyatt's obstruction of the road. All parties appeal.

Hyatt argues on appeal the trial court committed reversible error in the following areas: (1) requiring the parties to include in the Statement of the Case contested matters; (2) finding the paved strip was dedicated to public use; (3) finding Boyd had an easement by necessity; and (4) finding an express grant of an easement appurtenant. Boyd argues the trial court erred in the following areas: (1) failing to find Hyatt's sign obstructed the roadway; (2) failing to find the

---

[1] The president of the developer corporation testified the paved strip generally followed an old dirt road that passed along the front of the Boyd property and furnished a means of ingress and egress to a house located on the Hensley tract located to the south of the Boyd tract. The Hensley tract is now a part of Hyatt's property.

sign is a nuisance; (3) failing to require Hyatt to restore the pavement to its prior condition; and (4) failing to award him damages for lost profits resulting from interference with his use of the roadway.

## HYATT'S APPEAL

Hyatt claims the evidence does not sustain the trial judge's finding that the parcel in question was ever intended to be dedicated to public use. We disagree. No particular formality is necessary to effect a common law dedication. 23 Am. Jur. (2d) *Dedication* Section 27 (1983). All that is required is that an owner must have expressed an intention to dedicate his property to public use in a positive and unmistakable manner. *Anderson v. Town of Hemingway*, 269 S. C. 351, 237 S. E. (2d) 489 (1977). A dedication "need not be made by deed or other writing, but may be effectually and validly made by acts or verbal declarations. It also may be implied from long use by the public of the land claimed to be dedicated." *Anderson*, 269 S. C. at 354, 237 S. E. (2d) at 490. An intention to dedicate may be implied from the circumstances. *County of Darlington v. Perkins*, 269 S. C. 572, 239 S. E. (2d) 69 (1977). "Any act or declaration on the part of the dedicator which fully demonstrates his intention to appropriate [his] land to public use, or from which a reasonable inference of his intent to dedicate may be drawn, is sufficient." 23 Am. Jur. (2d) *Dedication* Section 27 (1983); *See, County of Darlington*, 269 S. C. at 575, 239 S. E. (2d) at 71. However, absent an express grant, one who asserts a dedication must demonstrate conduct on the part of the landowner clearly, convincingly and unequivocally indicating the owner's intention to create a right in the public to use the property in question adversely to the owner. *Derby Heights, Inc. v. Gantt Water & Sewer District*, 237 S. C. 144, 116 S. E. (2d) 13 (1960).

The determination of the existence of an easement is a question of fact in a law action. *Jowers v. Hornsby*, 292 S. C. 549, 357 S. E. (2d) 710 (1987). In an action at law tried without a jury, the judge's findings of fact will not be disturbed on appeal unless there is no evidence to support his findings. *Jowers*, 292 S. C. at 552, 357 S. E. (2d) at 711. We find evidence to support the judge's finding of an intent to dedicate. A 1972 composite plat of the Greystone develop-

ment shows a 25 foot strip extending from Broad River Road to a point south of the Boyd tract. The strip is labeled "easement" at a point north of the Boyd tract. While Hyatt argues this plat was not recorded, it is referred to in a December 20, 1983 plat made for the developer and the 1983 plat is referred to in the deed from the developer to Hyatt's grantor. Moreover, the 1983 plat shows the 25 foot strip as a shaded area with an indication that it was a "limited access road." Further, the president of the developer corporation testified the corporation paved the strip over or near an old dirt road that provided access to a house located south of Boyd's property and the corporation intended to dedicate the strip as a public road. Boyd testified to his and the public's use of the strip as a road since 1972. Finally, there is contained on the deed to Hyatt an exception for "easements that may appear of record, in the recorded plats(s), or on the premises." The deed from the original developer to Hyatt's grantor contains the following language:

> together with all right, title or interest the Grantor may have for the use of the Service Road and the property between right-of-way of Greystone Boulevard-Rd P-4010 and property now or formerly of William L. Boyd, III, and Ben K. Summersett, Jr. et al., as shown on a plat entitled "Property Survey for the Riverland Development Corporation," dated December 20, 1983, prepared by B. P. Barber and Associates, Inc. for purposes of ingress and egress to and from Greystone Boulevard and Broad River Road for the benefit of Grantee, its Successors and Assigns and for the benefit of the property of Grantee, its Successors and Assigns forever, subject, however, to any right of other landowners which may exist and Grantor shall have no obligation to maintain said property.

Hyatt argues there is no evidence of public acceptance of the strip as a road for dedication purposes. We disagree. No formal acceptance is necessary to constitute a valid dedication. *Woodside Mills v. United States*, 160 F. Supp. 356 (D. C. S. C. 1958), *aff'd.* 260 F. (2d) 935 (4th Cir. 1958). Acceptance may be implied by the public's continuous use of the property. *Caston v. City of Rock Hill*, 107

S. C. 124, 92 S. E. 191 (1917); *Woodside Mills*, 160 F. Supp. at 359; 26 C. J. S. *Dedication* Section 37 (1956); 23 Am. Jur. (2d) *Dedication* Section 53 (1983).

Conceding acceptance of a dedication may be manifested by public use, Hyatt claims the public use must be for twenty years and calls our attention to the case of *Turnbull v. Rivers*, 14 S. C. L. (3 McCord) 131 (1825). Hyatt's reliance on *Turnbull* is misplaced. A reading of the case reveals the plaintiff claimed an easement over defendant's land based on the theories of necessity, presumption of grant, and prescription. In stating the twenty year requirement, the court specifically found the plaintiff had no right to a private easement by reason of prescription or presumption of grant because he did not prove uninterrupted use for twenty years. The case does not address dedication by public use.[2] Where there had been an intended dedication by the owner of property, no specific duration of use by the public is required to show acceptance. The sufficiency of the use depends upon the circumstances of each case. There must, however, be public use for a sufficient period of time as will indicate the intention of the public to accept the offer of dedication. 26 C. J. S. *Dedication* Section 37 (1956); 23 Am. Jur. (2d) *Dedication* Section 55 (1983). We hold public use of the road for over thirteen years under the circumstances of this case is evidence of acceptance by the public of the dedication.

Because we have held Boyd has a right to use the strip in front of this business by virtue of the fact the land has been dedicated to public use, we need not address Hyatt's contentions the trial court erred in finding Boyd acquired an easement by necessity or that he had an express easement appurtenant. An error not found to be prejudicial does not constitute a ground for reversal. *JKT Company, Inc. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980), *appeal after remand*, 284 S. C. 10, 325 S. E. (2d) 329 (Ct. App. 1984).

Hyatt also complains that the trial court committed error in requiring the parties to include in the Statement of the

---

[2] This court's prior reliance on *Turnbull* in the case of *Kirkland v. Gross*, 286 S. C. 193, 332 S. E. (2d) 546 (Ct. App. 1985) was misplaced. There is a distinction between public dedication and a private easement created by prescription.

Case a reference to Boyd's property as "landlocked" and in referring to the paved strip of land as a "roadway." In view of the fact we agree with the trial court the paved strip is indeed a roadway, Hyatt's argument is without merit.

## BOYD'S APPEAL

Boyd argues the trial judge erred in failing to require Hyatt to remove his sign because the sign impairs Boyd's enjoyment of the public way. We agree. The evidence shows and the parties stipulate in the Statement of the Case that Hyatt's actions effectively precluded Boyd from using the roadway to gain ingress and egress into the front of his building. We hold the sign's obstruction constituted an unreasonable use of the roadway by Hyatt. *See,* *Marlow v. Marlow,* 284 S. C. 155, 325 S. E. (2d) 703 (Ct. App. 1985).

Boyd also argues the court should have required Hyatt to restore the roadway to its original condition before he dug up a portion of it. Under common law dedication, the public gets only an easement with the fee left in the dedicator. 23 Am. Jur. (2d) *Dedication* Section 58 (1983); *See, Leppard v. Central Carolina Tele. Co.,* 205 S. C. 1, 30 S. E. (2d) 755 (1944). A dedicator cannot do anything which would interfere with the public's reasonable use of the dedicated area for its indicated purpose. 26 C. J. S. *Dedication* Section 53 (1956). By depriving Boyd of all practical use of the roadway, Hyatt made excessive use of it and interfered with the roadway and the trial court should have required Hyatt to restore the roadway to its prior condition. This and the preceeding issue are remanded to the trial court to enter an appropriate order.

Finally, Boyd claims the trial judge erred in failing to award damages to him for lost profits to his auto parts business. The office manager testified to an approximate loss of $45.00 per day in profits, but he could produce no records to support his testimony. He did not testify to the number of days the business lost these profits. The record is lacking in probative evidence of a causal connection between Hyatt's conduct and the alleged lost profits.

There is, therefore, evidence to support the trial judge's finding that Boyd's claim of lost profits is too speculative.

Affirmed in part, reversed in part and remanded.

SHAW and BELL, JJ., concur.