2018

Eugene CLELAND, Appellant
v. WESTVACO CORPORATION, Respondent.

(431 S.E. (2d) 264)

Court of Appeals

*Darrell Thomas Johnson, Jr.*, Hardeeville, *for appellant.*

*Elizabeth T. Thomas* and *G. Dana Sinkler*, Charleston, *for respondent.*

Submitted May 10, 1993; Decided May 17, 1993.

Reh. Den. June 24, 1993.

LITTLEJOHN, Acting Judge:

Eugene Cleland brought an action against Westvaco Corporation, asserting a right on behalf of the public to use a road over Westvaco's land by an easement by prescription or implied dedication of the road to the public. The trial judge granted Westvaco a directed verdict on both theories. Cleland appeals. We affirm.[1]

Cleland produced evidence that for fifty years or more, members of the public have used the road which runs across Westvaco's land to reach an area of the Coosawachie River known as Mose Landing. Several users testified that the road runs through unenclosed land and they have used the road and the landing over the years without asking permission of the various owners. The users made no attempt to conceal their use. One of the prior owners had a woods rider (a mounted security guard) who observed the users of the road

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

and landing and did not try to evict them. At times, a private hunt club which leased the property placed barriers across the road but members of the public simply tore the barriers down. No one ever took any legal action against those who removed the barriers, or to exclude the users from the road. There was also no evidence of any public maintenance of the road.

## I.

At the close of Cleland's case, the trial judge granted Westvaco a directed verdict on Cleland's claim of right under an implied public dedication. The trial judge noted that proof of an implied public dedication must be strict, cogent and convincing and the acts proved must be inconsistent with any construction other than dedication. The trial judge found that even in the light most favorable to Cleland the evidence did not give rise to the inference of dedication. The judge added that dedication cannot be implied from permissive recreational use, even though it is extensive. Cleland argues this ruling was in error. We disagree.

An owner of land must express an intention to dedicate his property to public use in a positive and unmistakable manner before a dedication may be perfected. *Helsel v. City of North Myrtle Beach,* — S.C. —, 413 S.E. (2d) 821 (1992). The owner's intent to dedicate may be implied from long public use of the land to which the owner acquiesces. *Hoogenboom v. The City of Beaufort,* Op. No. 1885 — S.C. —, —, — S.E. (2d) — (Ct. App. filed Nov. 9, 1992) (Davis Adv. Sh. No. 24 at 13). Nevertheless, dedication is an exceptional mode of passing an interest in land, and proof of dedication must be strict, cogent and convincing. *Id.* The acts proved must not be consistent with any construction other than that of a dedication. *Id.* Dedication is not implied from the permissive, sporadic and recreational use of the property, even though some of it has been used extensively. *State v. Beach Co.,* 271 S.C. 425, 248 S.E. (2d) 115 (1978).

We agree with the trial judge that Cleland put forth no evidence which would create a jury issue as to implied dedication of the land to the public under the standards described in *Helsel* and *Hoogenboom.* The record does not contain evidence that any of the successive owners of this property clearly, convincingly, or unequivocally intended to dedicate

the property for public use in a positive or unmistakable manner. *Boyd v. Hyatt,* 294 S.C. 360, 364 S.E. (2d) 478 (Ct. App. 1988). Accordingly, Cleland failed to carry his burden of proving implied dedication, and the trial judge correctly directed a verdict for Westvaco. The acts Cleland established, that is, the long-term public recreational use of the road to reach Mose Landing, were not sufficient to establish implied dedication. Accordingly, we affirm the trial judge's grant of Westvaco's directed verdict motion on this issue.

## II.

At the close of all the evidence, Westvaco moved for a directed verdict on Cleland's claim that he has a prescriptive easement to use the property, or that a prescriptive easement arose for the public generally. The trial judge ruled that since Cleland asserted a right of access that the public in general enjoyed, and not a right independent of other members of the public, his claim for a private prescriptive easement could not stand.

Cleland argued that the public could acquire a prescriptive easement, under *County of Darlington v. Perkins,* 269 S.C. 572, 239 S.E. (2d) 69 (1977). The trial judge agreed to reconsider his ruling in light of the *County of Darlington v. Perkins* case; however, the judge apparently rejected the argument since he issued a form order affirming his earlier ruling. Cleland appeals, claiming the judge erred because Cleland had established at least a jury issue as to whether a prescriptive easement for the public existed. We disagree.

Initially, we agree with the trial judge that Cleland did not establish a private right under a prescriptive easement, because he failed to produce evidence that his use was exclusive and was different from the right which could be asserted by members of the general public. *Nelums v. Cousins,* 304 S.C. 306, 403 S.E. (2d) 681 (Ct. App. 1991).

We also agree that Cleland failed to establish any public right to use by prescription. The long-term use by the public of a road through unenclosed and unimproved woodland does not give rise to a right-of-way by prescription. *Tyler v. Guerry,* 251 S.C. 120, 160 S.E. (2d) 889 (1968); *Savannah River Lumber Corp. v. Bray,* 189 S.C. 237, 200 S.E. 760 (1939); *Rowland v. Wolfe,* 17 S.C.L. (1 Bailey) 56

(1828). Where the public character of the road is clearly established through additional evidence of extensive long-term public maintenance, however, the area is considered "improved," and the rule of *Tyler v. Guerry* does not apply. *County of Darlington v. Perkins*, 269 S.C. 572, 239 S.E. (2d) 69 (1977). Under such circumstances, the public acquires rights in the road through prescriptive use.

In the case at bar there is no evidence that the land was "improved" by any public maintenance. Thus, the rule of *Tyler v. Guerry*, not *County of Darlington v. Perkins*, controls this case. Therefore, the public did not acquire rights through the mere use of the road through Westvaco's unimproved land to reach Mose Landing, and the trial judge did not err in directing a verdict for Westvaco on Cleland's claim based upon a public prescriptive easement.

Accordingly, the judgment is

Affirmed.

GARDNER and BELL, JJ., concur.