2418

Basil P. MACK, Appellant v. Robert M. EDENS, Hazel Platt and
Douglas Platt, Defendants, of whom Robert M. Edens is Respondent.

(464 S.E. (2d) 124)

Court of Appeals

*S. Jahue Moore,* of *Kirkland, Wilson, Moore, Allen, Deneen & Taylor,* West Columbia, *for appellant.*

*Douglas N. Truslow,* Columbia, *for respondent.*

Heard Sept. 12, 1995.

Decided Nov. 13, 1995.

CONNOR, Judge:

Basil P. Mack brought this declaratory judgment action against Robert M. Edens alleging Edens had wrongfully constructed a barrier across the dirt road leading to his house to keep Mack from using it. He contended the road had been im-

pliedly dedicated to the public.[1] Edens answered and counterclaimed, requesting an injunction preventing Mack from using the roadway and seeking damages for trespass. The trial court held the roadway had not been dedicated to the public, enjoined Mack from entering Edens' land without permission, and awarded Edens $1,000 compensatory and $3,000 punitive damages. Mack appeals. We affirm in part and reverse in part.

The dispute in this case involves a one-lane unpaved road near Gaston in Lexington County. This dirt road begins at South Carolina Highway 65 and proceeds in a southerly direction across the property of Hazel and Douglas Platt, then across the property of Edens, and onto property owned by Mack. The Platt, Edens, and Mack properties consist largely of undeveloped woodland. Only Mack actually lives in a home on the property.

Mack brought his tract of land in 1978 from the estate of Newlin Mack, a distant relative. Edens acquired his property from his father's estate in 1982. The dirt road at issue, which is more than fifty years old, existed before either Mack or Edens acquired their land. Mack has always used the road to get to and from his property.

Mack and Edens first began quarreling in 1988, when Mack brought an action to enjoin Edens from letting water from his pond flow onto Mack's land. In that case the trial judge denied injunctive relief on the ground of laches. This court reversed and remanded for entry of an order of injunction barring Edens from allowing water to flow onto Mack's property. *Mack v. Edens*, 306 S.C. 433, 412 S.E. (2d) 431 (Ct. App. 1991). After that lawsuit, Edens told Mack he could no longer use his half of the dirt road. When Mack continued to use the road, Edens posted "No Trespassing" signs and wrote Mack a letter requesting that he stay off his property. Mack continued to use the road. Eventually, Edens erected a berm across the road. Mack removed the berm, continued using the road, and eventually brought the instant action against Edens.

At trial, several witnesses testified the dirt road has historically been used by the public for various purposes, including: to deliver mail; to travel to a sawmill and a flour mill; to swim, fish, and attend baptismal services and school parties at a pond near Mack's; to erect and maintain public utilities; and,

---

[1] Douglas and Hazel Platt were added as indispensable parties, but did not answer or otherwise contest Mack's cause of action; rather, both Douglas and Hazel Platt testified on Mack's behalf.

to have emergency access to Mack's property. The court determined the public's use of the roadway was basically recreational and religious, and concluded Mack had failed to establish an implied public dedication.

On appeal, Mack first argues the trial court erred in failing to find an implied dedication of the road. The determination of whether a roadway has been dedicated to the public is an action in equity. *Tyler v. Guerry,* 251 S.C. 120, 160 S.E. (2d) 889 (1968). As such, we have jurisdiction on appeal to find facts·in accordance with our own view of the preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976).

Dedication requires two elements. First, the owner must express in a positive and unmistakable manner the intention to dedicate his property to public use. *Horry County v. Laychur,* 315 S.C. 364, 434 S.E. (2d) 259 (1993). Second, there must be, within a reasonable time, an express or implied public acceptance of the property offered for dedication. *Helsel v. City of North Myrtle Beach,* 307 S.C. 24, 413 S.C. (2d) 821 (1992).

Even though a landowner must positively and unmistakably express his or her intention to dedicate property, the intent to dedicate may be implied from allowing lengthy public use of the land. *Cleland v. Westvaco Corp.,* 314 S.C. 508, 431 S.E. (2d) 264 (Ct. App. 1993), *cert. denied* (Feb. 3, 1994). Nevertheless, dedication is an exceptional mode of passing an interest in land, and proof of dedication must be strict, cogent, and convincing. The acts proved must not be consistent with any construction other than that of a dedication, and dedication may not be implied from the permissive, sporadic, and recreational use of property. The record must contain evidence the owner of the property clearly, convincingly, or unequivocally intended to dedicate the property for public use. *Id.*

As with intention to dedicate, no formal acceptance by a public authority is necessary to show public acceptance. Acceptance may be implied by the public or a public authority continuously using or repairing the property. Also, acceptance and dedication may be demonstrated by a governmental authority not assessing taxes on the land. *Id.*

Considering these principles, the trial judge correctly held the evidence insufficient to prove an implied dedication of the road. The record supports his conclusion that historical use of the road by the public was basically

recreational or religious. Additionally, the evidence of public acceptance of the road is insufficient. There was no evidence public authorities had maintained the road, there was no evidence any portion of the property had been excluded from tax assessment, and there was no evidence the deeds of Mack, Platt, and Edens delineated a public road. Accordingly, we affirm the trial court's holding Mack failed to prove a public dedication. The evidence supports neither the landowner's intention to dedicate nor public acceptance of the disputed property.

Mack next argues the trial court erred in finding Mack had trespassed on Eden's land and in awarding actual and punitive damages because the record does not support a finding of damages. To constitute an actionable trespass, the act must be affirmative, the invasion of the land must be intentional, and the harm caused by the invasion of the land must be the direct result of that invasion. *Snow v. City of Columbia*, 305 S.C. 544, 409 S.E. (2d) 797 (Ct. App. 1991), *cert. denied* (Feb. 4, 1992). Although we affirm the finding of trespass, we find no competent evidence in the record by which to measure the extent of any actual damage Edens may have suffered. The only evidence in the record concerning Edens' actual damages involves Mack's destruction of the berm Edens erected across the road. It consists solely of the following colloquy between Edens and Mack's lawyer:

Q. Who did you hire to erect these barriers in the middle of the road?
A. Daley Construction.
Q. What did it cost you?
A. I'd have to look. I don't have a record of that. Five or six hundred dollars *is just a guess.*

While it is true that proof of damages does not require mathematical certainty, Edens' speculation about the cost of erecting the berm cannot pass muster. *Whisenant v. James Island Corp.*, 277 S.C. 10, 281 S.E. (2d) 794 (1981) (in order for damages to be recoverable, the evidence should enable the court or jury to determine the amount thereof with reasonable certainty and cannot be left to conjecture, guess, and speculation). We therefore reverse the trial judge's award of actual damages. Because there can be no punitive damages without actual damages, we additionally reverse the award of punitive damages. *Sparrow v. Toyota of Florence*, 302 S.C. 418, 396

S.E. (2d) 645 (Ct. App. 1990) (award for punitive damages falls where award for actual damages cannot stand). Accordingly, we affirm the trial judge's conclusion of law that trespass occurred, but reverse the award of both actual and punitive damages.

For the foregoing reasons, the decision of the trial court is

Affirmed in part and reversed in part.

HOWELL, C.J., and SHAW, J., concur.