THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Larry Hill and Juliette Hill d/b/a Profile Enterprises,
Appellants,
v.
 The City of Sumter, Carolina Power and Light Company, Time Warner Entertainment 
 Company, C.B. Askins and Company and Kenneth Simmons Associates, Defendants,
 of whom Carolina Power and Light Company is, Respondent.
 
 
 

Appeal From Sumter County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2005-UP-025
Submitted December 1, 2004  Filed January 
 13, 2005

AFFIRMED

 
 
 
Garryl L. Deas, of Sumter, for Appellants.
Hugh L. Willcox, Jr. and Marian H. Lee, both of Florence, 
 for Respondent.
 
 
 

PER CURIAM:  In this action for trespass and negligence, Larry and Juliette 
 Hill appeal the trial courts grant of summary judgment to Carolina Power and 
 Light Company (CP&L).  We affirm. [1]   
BACKGROUND
The Hills own 
 a building in downtown Sumter in which they operate a beauty salon.  The property 
 was in the area of the City of Sumters renovation project, which as to the 
 Hills involved replacing a wall on their property and relocating electrical 
 equipment from overhead to underground.  CP&L provided, and continues to 
 provide, electrical service to the Hills and was directly involved with the 
 Citys renovation project.  
According to the Hills, 
 they did not consent to the installation of underground wiring or the placement 
 of transformers on their property by CP&L.  Larry Hill said he told CP&L 
 employees to stop digging on his property.  However, a CP&L employee, Joe 
 Bailey, attested Juliette Hill consented to placing two transformers and underground 
 wiring on her property.  Also, according to CP&L, Larry Hill contacted the 
 company and revoked consent as to the transformers but not the underground lines.  

Ultimately, CP&L 
 placed the two transformers on adjacent property and the lines underground. 
  The underground lines provide electricity to the Hills building and an underground 
 junction box at the back of their building provides service to the adjacent 
 property owner.  Essentially, CP&L merely placed underground the formerly 
 above-ground service and did so pursuant to its service regulations.  
The Hills filed suit against the City of Sumter, CP&L, and other 
 renovation project partners.  The Hills alleged negligence and trespass, and, 
 as to the City, they also alleged inverse condemnation.  The trial court granted 
 summary judgment to CP&L and partial summary judgment to the City on any 
 causes of action stemming from the installation of the underground services 
 by CP&L.  
LAW/ANALYSIS
The Hills argue the trial court erred in granting 
 summary judgment to CP&L.  We disagree.
Summary judgment is appropriate when no genuine issue of 
 material fact exists and the moving party is entitled to judgment as a matter 
 of law.  Rule 56(c), SCRCP.  In ruling on a motion for summary judgment, the 
 evidence and reasonable inferences drawn therefrom should be viewed in a light 
 most favorable to the nonmoving party.  Dawkins v. Fields, 354 S.C. 58, 
 69, 580 S.E.2d 433, 439 (2003).  In reviewing the grant of summary judgment, 
 the appellate court applies the same standard as the trial court under Rule 
 56(c), SCRCP.  Id. at 69, 580 S.E.2d at 438-39.   
I.  Trespass
To support their trespass cause of action, the Hills 
 use the laws of inverse condemnation to suggest CP&Ls actions constituted 
 a taking.  In other words, they argue that because it did not institute an action 
 under the Eminent Domain Procedures Act, CP&L lacked permission and authority 
 to be on their property, and thus trespassed.  
Trespass is any interference with the property owners 
 right to the exclusive, peaceable possession of his property.  Ravan v. 
 Greenville County, 315 S.C. 447, 463, 434 S.E.2d 296, 306 (Ct. App. 1993) 
 (citations omitted).  The essence of trespass is the unauthorized entry onto 
 the land of another.  Id. at 464, 434 S.E.2d at 306 (citations omitted).  
 To constitute an actionable trespass, the act must be affirmative, the invasion 
 of the land must be intentional, and the harm caused by the invasion of the 
 land must be the direct result of that invasion.  Mack v. Edens, 320 
 S.C. 236, 240, 464 S.E.2d 124, 127 (Ct. App. 1995).
The Hills are customers of CP&L.  CP&Ls service 
 regulations explicitly authorize its entry onto the Hills land.  The following 
 is stated in paragraph 2(a) of the regulations:

Company is not obligated to supply electricity to customer 
 unless and until: . . . in cases where it is necessary to cross private property 
 to deliver electricity to Customer, Customer conveys or causes to be conveyed 
 to Company, without cost to Company, a right of way easement, satisfactory to 
 Company, across such private property for the construction, maintenance, and 
 operation of Companys lines and facilities, necessary to the delivery of electricity 
 by Company to Customer: provided, however, in the absence of a formal conveyance, 
 Company, nevertheless, shall be vested with an easement over Customers premises 
 authorizing it to do all things necessary to the construction, maintenance, 
 and operation of its lines and facilities for such purpose.[ 
 [2] ]  

The Hills assert 
 these service regulations do not supersede the laws of inverse condemnation.  
 CP&L does not assert it is exempt from the laws of condemnation and inverse 
 condemnation.  Rather, it says the service regulations allow it to access its 
 customers property to provide service and this permissive access defeats a 
 claim of trespass.  We agree.  Because CP&L was authorized to be on the 
 Hills property, no trespass could have occurred.  
II.  Negligence
The Hills also 
 argue their negligence claim against CP&L should have survived summary judgment.  
 The Hills allege CP&L negligently placed the junction box, preventing them 
 from expanding their building and assert their affidavits were sufficient to 
 create a genuine issue of material fact.  Yet, in their affidavits, the Hills 
 fail to allege any negligent act on the part of CP&L or demand CP&L 
 move the junction box to allow them to expand their property.  Instead, the 
 Hills allege in their affidavits merely that they did not consent to CP&Ls 
 actions.  Moreover, CP&L has offered to move the junction box should the 
 Hills desire to expand.  Because there is an absence of a genuine issue of material 
 fact as to the negligence claim, the court properly granted summary judgment 
 to CP&L.
AFFIRMED.
 ANDERSON, STILWELL, and SHORT, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.        

 
 
 [2]        The Public Service Commission approved CP&Ls service 
 regulations on April 5, 1995 by Order Number 95-837.  The regulations also 
 provide that facilities installed for service of a customer may be used to 
 supply service to others.