**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard Joseph Rogozinski, Respondent,

v.

County of Greenville and City of Simpsonville, Appellants.

Appellate Case No. 2020-001188

_____

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

_____

Unpublished Opinion No. 2023-UP-269
Submitted June 1, 2023 – Filed July 19, 2023

_____

**AFFIRMED**

_____

Boyd Benjamin Nicholson, Jr., Sarah P. Spruill, and Jonathan David Klett, all of Haynsworth Sinkler Boyd, PA, of Greenville, for Appellant County of Greenville.

Daniel Roper Hughes, of Duggan & Hughes, LLC, of Greer, for Appellant City of Simpsonville.

Clayton L. Jennings, of Jennings Law Firm, LLC, of Greenville, for Respondent.

_____

**PER CURIAM:** Richard Joseph Rogozinski filed this declaratory judgment action against the County of Greenville (the County) and the City of Simpsonville (the City; collectively, Appellants) seeking—and, ultimately, obtaining—a declaration that Maple Court was dedicated as a public road. Appellants appeal the Master-in-Equity's order, arguing the Master erred in finding dedication. We affirm.

"The determination of whether a roadway has been dedicated to the public is an action in equity. As such, we have jurisdiction on appeal to find facts in accordance with our own view of the preponderance of the evidence." *Mack v. Edens*, 320 S.C. 236, 239, 464 S.E.2d 124, 126 (Ct. App. 1995) (internal citation omitted). "[D]edication is an exceptional mode of passing an interest in land, and proof of dedication must be strict, cogent, and convincing." *Id.* "[T]he burden of proof to establish dedication is upon the party claiming it." *Anderson v. Town of Hemingway*, 269 S.C. 351, 354, 237 S.E.2d 489, 490 (1977). "Dedication requires two elements. First, the owner must express in a positive and unmistakable manner the intention to dedicate his property to public use. Second, there must be, within a reasonable time, an express or implied public acceptance of the property offered for dedication." *Mack*, 320 S.C. at 239, 464 S.E.2d at 126 (internal citation omitted).

Appellants do not refute the Master's finding of intent to dedicate Maple Court. Accordingly, we turn to the question of acceptance.

Initially, Appellants argue the Master shifted the burden of proof onto Appellants to refute the final plat after it had been approved for recording. We disagree. Instead, the Master relied on the documents to find dedication, including the clear language in the plat stating it was a "Certificate of Ownership and Dedication"; the signature of approval on the Statement of Dedication by the Director of Planning for the Greenville County Planning Commission and the approval by the County Attorney; the nonassessment of taxes for decades; and the use of Maple Court by the sheriff's office.

Appellants next argue the Master erred in finding implied acceptance of dedication. Under our own view of the preponderance of the evidence, we find implied acceptance. *See Town of Kingstree v. Chapman*, 405 S.C. 282, 302, 747 S.E.2d 494, 504 (Ct. App. 2013) ("No particular formality is necessary to effect a common law dedication." (quoting *Boyd v. Hyatt*, 294 S.C. 360, 364, 364 S.E.2d 478, 480 (Ct. App. 1988))); *id.* ("An intention to dedicate may be implied from the circumstances." (quoting *Boyd*, 294 S.C. at 364, 364 S.E.2d at 480)); *Mack*, 320 S.C. at 240, 464 S.E.2d at 126 ("[A]cceptance and dedication may be demonstrated

by a governmental authority not assessing taxes on the land."); *Helsel v. City of North Myrtle Beach*, 307 S.C. 24, 27, 413 S.E.2d 821, 823 (1992) ("Acceptance of an offer of dedication also may be recognized through a public authority's using, repairing, or working the streets.").  In addition to law enforcement's use of Maple Court, Rogozinski testified the road was open to the public.  Furthermore, the County admitted the property had never been taxed.  Thus, we find implied acceptance of the dedication of Maple Court.[1]

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] The County argues that if this court affirms the Master's finding of dedication, the Master correctly found that Maple Court was annexed to the City and is now under the jurisdiction and responsibility of the City.  Because the City did not appeal the Master's finding on this issue, we find no justiciable controversy between the parties regarding the Master's finding that Maple Court was annexed to the City and decline to address the issue.  *See Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct. App. 1998) ("A threshold inquiry for any court is a determination of justiciability, i.e., whether the litigation presents an active case or controversy.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.